**In the Matter of Edward D. LEWIS.**

**No. 880S226.**

Supreme Court of Indiana.

March 9, 1983.

Donald M. Frey, Seymour, for respondent.

Thomas J. Opsut, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This disciplinary matter is before the Court on a five count verified complaint for disciplinary action filed under the authority of the Admission and Discipline Rule 23, Section 12. A Hearing Officer, appointed pursuant to Admission and Discipline Rule 23, Section 11(b), has heard this matter and tendered his Findings of Fact and Conclusions of Law. Neither party has petitioned for review of such findings.

There being no objection, this Court now adopts and accepts as its own the findings of fact of the Hearing Officer and now generally finds that the Respondent, Edward D. Lewis, is an attorney at law heretofore admitted to the Bar of the State of Indiana on November 14, 1932.

Under the charges of Count I of the complaint, this Court now finds that the Respondent was employed to defend a client in a prosecution for theft in the Jackson Circuit Court. On February 22, 1979, the Respondent requested leave to withdraw from the case and represented to the Court that he had been paid less than $100.00 for the case. The motion was granted on the basis of the foregoing representation. However, on March 5, 1979, when this client and the Respondent appeared before the Court, receipts were produced showing that the Respondent had been paid $365.00 for the case. This client further advised the Court that he had paid the Respondent another $200.00 for which there was no receipt, making the total $565.00 paid to the Respondent for this representation.

The foregoing findings under Count I establish that the Respondent knowingly made a false statement to the Court and thereby violated Disciplinary Rule 7–102(A)(5). Furthermore, these findings establish that the Respondent engaged in conduct involving dishonesty, conduct that is prejudicial to the administration of justice and conduct that adversely reflects on this fitness to practice law, in violation of Disciplinary Rules 1–102(A)(4), (5) and (6) of the *Code of Professional Responsibility for Attorneys at Law.*

Under Count II of the Verified Complaint, this Court now finds that in 1978 the Respondent was a candidate for the office of Jackson County Prosecutor. On or about March 25, 1978, he mailed to certain individuals residing in Jackson County a letter containing a card to be returned to the Respondent. The letter gave the following explanation for returning this card:

"Please be assured that the SOLE and ONLY purpose of the enclosed card is so I will have a confidential record showing who are my friends. I believe in reciprocity."

The Respondent's conduct in indicating in his campaign literature that special consideration would be given to those who returned the cards violates Disciplinary Rules 1–102(A)(5) and (6) of the *Code of Professional Responsibility for Attorneys at Law.*

Under the charges of Count III, this Court now finds that the Respondent was the attorney for Donna C. Stahl in a dissolution of marriage where the custody of Stahl's minor child was at issue. As part of this proceeding, Dr. Joseph Butler executed an affidavit, at the request of Mr. Stahl's attorney, concerning the injuries sustained by the minor child. After the Respondent received a copy of Dr. Butler's affidavit on or about February 4, 1979, the Respondent

wrote a letter to Dr. Butler threatening him with litigation unless he retracted his affidavit. The Respondent's conduct in threatening a witness with litigation unless he retracted his affidavit is conduct prejudicial to the administration of justice and conduct that adversely reflects on his fitness to practice law. This conduct is violative of Disciplinary Rules 1–102(A)(5) and (6) of the *Code of Professional Responsibility for Attorneys at Law.*

 Count IV charges the Respondent with violating Disciplinary Rule 6–101(A)(2) by handling a legal matter without adequate preparation in the circumstances. The evidence in support of this charge is that the Respondent conducted little or no independent investigation prior to the trial of the case, that he did not contact or interview witnesses furnished to him and that his clients, the two defendants, were convicted. There is further evidence that, upon petitions for post conviction relief brought on behalf of the defendants, the trial court found that the Respondent's representation did not meet the test for effective assistance of counsel. This Court has previously held that the standard for an attorney's conduct in a disciplinary proceeding is the *Code of Professional Responsibility for Attorneys at Law* and that such standard exists independently of issues in civil or criminal litigation out of which an allegation of impropriety may develop. *In re Crumpacker,* 269 Ind. 630, 383 N.E.2d 36, cert. denied 444 U.S. 979, 100 S.Ct. 481, 62 L.Ed.2d 406; *In re Wireman,* (1977) Ind., 367 N.E.2d 1368, cert. denied, 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402. Thus, the fact that post-conviction relief was granted is not controlling; the determination reached in such proceeding must be limited to that proceeding. Our finding of misconduct must be predicated on independent grounds. Examining the matters submitted in this cause, we cannot find that sufficient independent evidence has been introduced from which this Court can conclude that the Respondent's conduct, as charged under Count IV, is in violation of the *Code of Professional Responsibility for Attorneys at Law.*

Relative to Count V of the Verified Complaint, this Court finds that Minnie McCarter hired the Respondent to defend her in a suit brought by the Medora State Bank in Jackson County Court and to file a bankruptcy petition on her behalf. She paid the Respondent $50.00 for the first case. The Respondent failed to enter his appearance and, on May 3, 1978, a default judgment was entered in favor of Medora State Bank. As part of the bankruptcy proceeding, Minnie McCarter gave to the Respondent her mortgage payment book for a mortgage held by Home Federal Savings and Loan Association and a list of her creditors, which included the debt of $10,500.00 to Home Federal Savings and Loan Association. The Respondent prepared a bankruptcy petition on April 5, 1978 and his client signed it. The petition did not show the debt to Home Federal Savings and Loan Association nor the real estate which was mortgaged.

Prior to the first .meeting of creditors held on September 14, 1978, a loan officer of Home Federal Savings and Loan Association, requested Minnie McCarter to transfer the title to the mortgaged property to Home Federal. She discussed this request with the Respondent on or about August 28, 1978, and the Respondent did not advise her that there was anything wrong with transferring the title. On August 28, 1978, Minnie McCarter did transfer the mortgaged property to the loan company. On September 20, 1978, the Medora State Bank filed a complaint against McCarter alleging that the transfer of said real estate was intended to defraud the creditors. On September 23, 1978, the Respondent informed his client that she had been charged with a criminal offense involving fraud and demanded additional attorney fees for his representation.

The Respondent's conduct, as set out above, constitutes neglect of a legal matter entrusted to him and violates Disciplinary Rule 6–101(A)(3). Respondent's further failure to include the real estate and mortgage in the petition for bankruptcy and to properly advise his client concerning the fraudulent character of the requested transfer constitutes a violation of Disciplinary Rules 6–101(A)(1), (2) and (3) of the

*Code of Professional Responsibility for Attorneys at Law.*

This Court must now determine an appropriate sanction to be applied in this case. The findings set out above establish a pattern of repeated misconduct. The Respondent neglected his clients, made misrepresentations to a trial court, suggested inappropriate conduct if elected to office, and, by his acts, subjected a client to accusations of fraud.

As this Court has noted on prior occasions, it is our duty to protect the public from the harm created by the professional misconduct of an attorney, and to preserve the integrity of the legal profession. The misconduct noted in this case, unfortunately, demonstrates that the Respondent cannot meet his professional responsibilities in an adequate manner. Consequently, this Court can only conclude that in order to preserve the integrity of the legal profession and to protect the public from future acts of misconduct, the strongest sanction available to this Court must be imposed.

It is therefore ordered that, by reason of the misconduct found under the Verified Complaint filed in this cause, the Respondent be, and he hereby is, disbarred as an attorney in the State of Indiana.

Costs of these proceedings are assessed against the Respondent.